IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN J. TODD, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 15-2866 |
| | : | |
| U.S. BANK, NATIONAL | : | |
| ASSOCIATION et al., | : | |
| Defendants. | : | |

**Jones, II    J.**                                                                                           **July 22, 2015**

### MEMORANDUM

On May 22, 2015, Kathleen J. Todd ("Plaintiff") filed a class action on behalf of herself and others similarly situated against U.S. Bank, National Association ("U.S. Bank") and McCabe, Weisberg, and Conway, P.C. ("MWC") (collectively "Defendants"). (Dkt No. 1 [hereinafter Compl.].) On May 27, 2015, Plaintiff moved for Preliminary Class Certification. (Dkt No. 2 [hereinafter Pl. Mot.].) On June 24, 2015, MWC filed a Response. (Dkt No. 13 [hereinafter MWC Resp.].) On July 2, 2015, U.S. Bank filed a Response. (Dkt No. 14 [hereinafter U.S. Bank Resp.].)

Upon consideration of Plaintiff's Motion, and Defendants' Responses, the Court hereby DENIES the Motion WITHOUT PREJUDICE for the reasons stated herein.

**I.    Background**

On or about September 26, 2005, Plaintiff entered into a mortgage with Argent Mortgage Company, LLC ("Argent") in the amount of $50,001.00. (Compl.¶ 13; MWC Resp. at 2.) The mortgage authorized Argent to sell the note and the mortgage, and transfer servicing rights unrelated to the sale of the note. (Compl. ¶ 14; MWC Resp. at 2.) On or about December 24, 2007, the mortgage was assigned to Mortgage Electronic Registration Systems, Inc. ("MERS").

(Compl. ¶ 15; MWC Resp. at 2.) According to Plaintiff, she allegedly defaulted on her mortgage on or about March 1, 2008. (Compl. ¶ 16; MWC Resp. at 2.) A subsequent foreclosure was then issued against Plaintiff on August 7, 2008 in the amount of $53,055.65 by debt collector MWC on behalf of LaSalle Bank National Association. (Compl. ¶¶ 16-17; MWC Resp. at 2.) The foreclosure complaint demanded $49,123.17 in principal balance, $2,395.90 in interest, $1,250.00 in attorney's fees, $166.68 in late charges, and $119.90 in corporate advances. (Compl. ¶ 17; MWC Resp. at 2.)

Plaintiff filed a class action complaint on behalf of herself and others similarly situated against Defendants. (Compl.) Plaintiff asserts three counts: (Count 1) breach of contract, (Compl. ¶¶ 52-58.), and violations of the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. § 1692 *et. seq.* for (Count II) charging post-judgment interest before it was incurred, (Compl. ¶¶ 59-70), and (Count III) demanding post-judgment attorneys' fees. (Compl. ¶¶ 71-80.) On May 27, 2015, Plaintiff moved for preliminary class certification. (Pl. Mot. at 1.) Plaintiff filed this Motion with the understanding that the Motion was "premature." (Pl. Mot. at 1 n. 1.)

**II.    Standard of Law**

The class-action device was designed as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541, 2550 (2011) (quoting *Califano v. Yamasaki,* 442 U.S. 682, 700-01 (1979) (internal citations omitted)). A class action is appropriate in cases where it "saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano*, 442 U.S. at 701 (internal citations omitted)). "The district court has a good deal of discretion in determining whether or not to

certify a class." *Mazus v. Dep't of Transp.*, 629 F.2d 870, 876 (3d Cir. 1980); *see also Beck v. Maximus, Inc.*, 457 F.3d 291, 297 (3d Cir. 2006) ("District courts have discretion under Rule 23 to certify a class … But … must clearly articulate its reasons."). "[T]his [broad] discretion is not unlimited, and indeed is bounded by the relevant provisions of the Federal Rules." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). Plaintiffs who seek class certification bear the burden of proving that all of the requirements for class certification are met. *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 614 (1997). As a threshold matter, the proposed class must be sufficiently defined. *In re Sch. Asbestos Litig.*, 56 F.3d 515, 519 (3d Cir. 1995). Plaintiffs must satisfy the four prerequisites of Federal Rule of Civil Procedure 23(a):

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> > (1) the class is so numerous that joinder of all members is impracticable;
> > (2) there are questions of law or fact common to the class;
> > (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> > (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). If the prerequisites of Rule 23(a) are met, plaintiffs then must prove that "the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Prods., Inc.*, 521 U.S. at 614. Under Rule 23(b)(3), class certification "is permissible when the court 'finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *In Re Hydrogen Peroxide*, 552 F.3d 305, 310 (3d Cir. 2008) (quoting Fed. R. Civ. P. 23(b)(3)). The two requirements of Rule 23(b)(3) are commonly referred to as "predominance" and "superiority." *Hydrogen Peroxide*, 552 F.3d at 310.

"The requirements set out in Rule 23 are not mere pleading rules." *Id.* at 311. A request for class certification "may be [granted] only if the court is "satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Beck v. Maximus, Inc.*, 457 F.3d 291, 297 (3d Cir. 2006) (quoting *Falcon,* 457 U.S. at 161) (internal citations omitted). A court must "assess all of the relevant evidence admitted at the class certification stage." *In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774, 779 (3d Cir. 2009) (quoting *Hydrogen Peroxide*, 552 F.3d at 317, 323) (internal citations omitted).

### III.    Discussion

### (a) Plaintiff has failed to meet her burden to satisfy Fed. R. Civ. P. 23.

Plaintiff seeks to certify the proposed class under Rule 23(b)(3), and offers the following class definition:

> [F]ormer or current Homeowners who obtained financing secured by a first mortgage on residential property less than $231,111 located within the Commonwealth of Pennsylvania, where U.S. Bank or MWC charged, collected or attempted to collect post-judgment fees, cost and interest before that interest has accrued and before those fees and costs had been awarded by an Article V court, within a period of six year from the date of filing of this Complaint.

(Pl. Mot. at 1.) Plaintiff has not obtained class discovery and concedes that this motion is premature. (Pl. Mot. at 1.) Nonetheless, the Court analyzes whether Plaintiff has satisfied the four requirements for class certification: numerosity, commonality, typicality, and adequacy of representation. *Johnston v. HBO Film Mgmt., Inc.*, 265 F.3d 178, 183–84 (3d Cir. 2001) (citing Fed. R. Civ. P. 23(a)).

1. Numerosity

The court must find that the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *see generally In re Prudential Ins. Co.*, 148 F.3d 283, 309 (3d Cir. 1998). Although no minimum number is required to maintain a class action suit, the Third Circuit has held that "classes in excess of forty members" will generally satisfy the numerosity requirement. *Vista Healthplan, Inc. v. Cephalon, Inc.*, 2015 WL 3623005, at *13 (E.D. Pa. 2015) (citing *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001)).

Here, Plaintiff asserts the number of members of the class "is unknown, but is believed to include well over ten thousand." (Pl. Mot. at 2.) This unsubstantiated guess does not satisfy the numerosity prerequisite.

2. Commonality

To find commonality, Plaintiff must "share at least one question of fact or law with the grievances of the prospective class." *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994). When a class is seeking certification pursuant Rule 23(b)(3) however, the Rule 23(a) commonality requirement is incorporated in the Rule 23(b)(3) predominance requirement, "which is far more demanding." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 528 (3d Cir. 2004).

Plaintiff's Motion does not satisfy the commonality requirement because of the lack of class discovery to factually support Plaintiff's claims.

3. Typicality

"Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class." *Weiss v. York Hosp.*, 745 F.2d 786, 809 (3d Cir. 1984).

Here, again, Plaintiff has yet to conduct class discovery, which makes it impossible for the Court to determine whether Plaintiff's claims align with those of the proposed class. The typicality requirement is not satisfied.

4. Adequacy of representation

Adequacy of representation is met by a two-fold showing: "that (1) class counsel is competent and qualified to conduct the litigation; and (2) class representatives have no conflicts of interests." *Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169, 183 (E.D. Pa. 2014). Because class discovery has yet to be conducted, it is unknown whether Plaintiff, as a representative, does or does not have a conflict of interest with the class. The adequacy of representation prerequisite is not satisfied.

5. Conclusion

Plaintiff has yet to conduct any class discovery, prohibiting the Court from conducting the "rigorous analysis" required. The record is bare of any factual support to grant class certification.

**(b) The Court cannot grant Plaintiff's Motion solely to prevent the potential repercussions of Fed. R. Civ. P. 68, nor can it stay such Motion indefinitely.**

Plaintiff filed the motion for preliminary class certification in hopes of preventing a potential "pick-off" under Federal Rule of Civil Procedure 68. (Pl. Mot. at 1 n. 1.) At this time, Plaintiff has failed to meet her burden under Fed. R. Civ. P. 23. The question before the Court is whether the Motion can be preliminarily granted, or stayed, pending class discovery, to prevent a "pick-off" under Rule 68. The Court finds it cannot.

Both parties failed to cite any precedential authority in their briefs pertaining to the narrow legal issue before the Court. Through the Court's independent review, the Court has found three analogous cases with persuasive authority which are instructive.

In *Smith v. Interline Brands, Inc.*, the plaintiff filed a premature motion for class certification, "bereft of the detail necessary for the purposes of a Federal Rule of Civil Procedure 23 analysis," and argued that the motion was essential "to thwart any strategic attempt by Defendant to 'pick off' Plaintiff by extending an offer of judgment under Rule 68.'" 2014 WL 7894482, at *1 (D.N.J. 2014). The *Smith* plaintiff requested the court to "hold consideration of the motion in abeyance pending completion of class discovery." *Id.* The court ultimately dismissed the plaintiff's motion without prejudice stating that "the concern underpinning Plaintiff's motion does not appear cognizable under the law of this Circuit, and Plaintiff cites no authority from this Circuit in support of the relief requested by its preemptive motion." *Id.* at *1-2. Further, the court noted that if it chose to stay the plaintiff's motion pending class discovery solely for purposes of averting a potential "pick-off" under Rule 68, the court would be saddled with "administrative costs, unnecessary distractions, and [] a drag on efficiency and judicial economy." *Id.* at *1 (quoting *Church v. Accretive Health, Inc.*, 299 F.R.D. 676, 679 (S.D. Ala. 2014)).

In *Church v. Accretive Health, Inc.*, the plaintiff similarly filed a premature motion for class certification in an effort to prevent a potential "pick-off" under Rule 68. 299 F.R.D. at 677. The court found the plaintiff's motion to be "a mere placeholder, an empty vessel into which plaintiff might pour substance and content (assuming the evidence gathered in discovery supports it)." *Id.* As in *Smith*, the court declined to grant the plaintiff's request, highlighting the administrative burdens and strains on judicial economy a stale motion would cause. *Id.* at 679.

Further, the court rejected the plaintiff's argument, and cited to the Third Circuit in doing so, explaining that granting the stay would essentially promote litigants "to file empty, placeholder motions[,]" which is not "encouraged by the Federal Rules of Civil Procedure." *Id.* (citing *Weiss v. Regal Collections,* 385 F.3d 337, 347 (3d Cir. 2004) ("[F]ederal rules do not require or encourage premature certification determinations.")). "Such a proposal contravenes the spirit of federal practice, and raises significant concerns as to efficiency and judicial economy." *Church*, 299 F.D.R. at 679.

Finally, in *Johnson v. U.S. Bank Nat'l Ass'n*, faced with a similar fact pattern, the court emphasized that it would be an unsound policy "in the administration of class claims … to rush a representative into making a class-certification motion just to beat the threat of a Rule 68 preemptive strike." 276 F.R.D. 330, 336 (D. Minn. 2011) (citing *Harris v. Messerli & Kramer, P.A.*, 2008 WL 508923, at *3 n. 2 (D. Minn. 2008)). "No one benefits when judges are forced to decide premature, half-baked class-certification motions." *Johnson*, 276 F.R.D. at 336 (quoting *Harris*, 2008 WL 508923, at *3 n. 2).

Following the lead of *Smith*, *Church* and *Johnson*, this Court also finds that Plaintiff's premature motion for class certification cannot be granted, nor stayed indefinitely pending class discovery in order to prevent a potential "pick-off" under Rule 68. The standards of Rule 23 cannot cower to the fears of Rule 68. This motion is premature.

Additionally, Plaintiff's "course of action comes with a cost" administratively and "promote[s] inefficiency and waste." *Church*, 299 F.R.D. at 679. Staying a motion based exclusively on speculation is not a legitimate reason to add unnecessary burdens to a judge's docket. No caselaw within the Third Circuit has been found to suggest otherwise.

Plaintiff's motion for preliminary class certification is denied without prejudice.[1]

BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. Darnell Jones, II    J.

---

[1] The requirements of Rule 23(a) have not been satisfied, nor is a preliminary approval of class certification appropriate; therefore, the Court need not consider MWC's argument that the FDCPA claims are time barred by the relevant statute of limitations.